**William FINLAY, Jr., Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES of America, Defendant.**

**Civ. A. No. 68–441.**

United States District Court
W. D. Pennsylvania.

Feb. 19, 1969.

John B. Nicklas, Jr., Pittsburgh, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Chief Judge.

This is an appeal from a decision under the Social Security Act in which the Secretary held that a dentist was an employee of a school district for purposes of application of Section 205(c) (6) (B) of the Social Security Act.

Plaintiff, the dentist for school districts in the Commonwealth of Pennsylvania, requested the Secretary of Health, Education and Welfare to delete certain wage entries in accordance with Section 205(c) (6) (B) of the Social Security Act. It was contended that he was not an employee within the meaning of the Social Security Act and the money withheld was done erroneously.

Plaintiff was informed that his claim was refused on the basis that an employer-employee relationship existed between himself and the respective school districts. A request for hearing was filed and, subsequently, the examiner found that the claimant was an employee within the meaning of the Social Security Act. Said decision was affirmed by the appeals counsel after which this complaint was filed pursuant to Section 205(g) of the Social Security Act. The defendant filed a Motion for Summary Judgment which is the matter for adjudication.

## QUESTION

The critical issue in this proceeding— "Is there substantial evidence in the record to support the conclusion that the relationship of the Plaintiff Dentist with the school districts was that of an employee rather than that of an independent contractor?"

Each case must be determined on its own factual basis under the Act and the following applicable sections:

*Section 210(j) (2)*—"Any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; (42 U.S. C.A. Sec. 410(j) (2))."

*Section 218(a) (1)*—"The Secretary of Health, Education and Welfare shall, at the request of any State, enter into an agreement with such State for the purpose of extending the insurance system established by this subchapter to services performed by individuals as employees of such State or any political subdivision thereof. Each such agreement shall contain such provisions, not inconsistent with the provisions of this section, as the State may request."

*Section 218(a) (2)*—"Notwithstanding section 410(a) of this title, for the purposes of this subchapter the term 'employment' includes any service included under an agreement entered into under this section."

*(b) subsection (3)*—"The term 'employee' includes an officer of a State or political subdivision."

In conjunction with the aforementioned sections of the Social Security Act, the *Insurance Contributions Act under the Internal Revenue Code of 1954* is also pertinent.

*Section 3121(d)*—"Employee—For purposes of this chapter, the term 'employee' means—

(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee;" (26 U.S.C.A. 3121).

The Court has heard the arguments of counsel, exhaustively and thoroughly considered and evaluated the full and complete record, and reviewed the briefs of the parties and the applicable statutes and law.

I conclude there is not substantial evidence in the record to support the conclusion that the relationship with the school districts was that of an employee. On the contrary, it is conclusively established under all the evidence and the law that plaintiff's relationship, in the practice of his dental profession, was that of an independent contractor.

## FINDINGS OF FACT

1. Plaintiff is a licensed dentist in Pennsylvania.

2. Plaintiff applied about 93 percent of his professional time to the general practice of dentistry and approximately 7 percent of his time to the examination of children in divers school districts.

3. The school districts have no control over the manner, type or method of his examinations, all of which are completely at his own discretion.

4. Plaintiff was not compelled to remain at the school district if there were no students to be examined, and, in the event of an emergency in his private practice, he was free and permitted to change his appointments at his sole discretion.

5. Plaintiff has a written contract with one school district and none with another.

6. Plaintiff is paid either a flat fee for each student examined or a certain fee each year.

7. Plaintiff is advised by the school nurses as to which school should be used for his student examinations.

8. Examinations are made of the students in such manner as plaintiff elects and is not subject to any supervision.

## CONCLUSIONS OF LAW

1. The Secretary's decision that the plaintiff was an employee and not an independent contractor under the Social Security Act and, therefore, was not entitled to the deletion of wage entries is not supported by substantial evidence.

2. The decision that plaintiff was an employee of said school districts under the facts and circumstances of this case was contrary to the law.

3. Under the facts and circumstances of this case and in accordance with the law, the plaintiff's relationship with the school districts was that of an independent contractor.

4. The motion of the Defendant Secretary for summary judgment is denied.

An appropriate order is entered.